**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF GRAYBAR ELECTRIC COMPANY, INC.,**<br><br>               **Plaintiff,**<br>       v.<br><br>**MILLER/WATTS CONSTRUCTION, INC., et al,**<br><br>               **Defendants.**<br><br>**And related cross claims.** | 1:06-CV-1521 AWI DLB<br><br>**ORDER GRANTING LIBERTY MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS THE CROSS CLAIMS BROUGHT BY G.E. ELECTRICAL**<br>**(Document #60)**<br><br>**ORDER DISMISSING G.E. ELECTRICAL'S CROSS CLAIMS**<br>**(Document #15)** |

## BACKGROUND

On October 27, 2006, the United States, for the use and benefit of Graybar Electric Company, Inc., filed a complaint for recovery under the Miller Act (40 U.S.C. § 270(b)), along with claims for breach of an oral contract, the agreed upon/reasonable value of goods sold and delivered, an account stated, an open book account, intentional misrepresentation, negligent misrepresentation, and recovery on a payment bond.  The named defendants include Defendant Liberty Mutual Insurance Company, Defendant G.E. Electrical, Inc., improperly sued as "Gilbert Electric, Inc.", and UPA Group, Inc.   On December 29, 2006, Defendant UPA Group, Inc. filed an answer, along with a cross claim against Defendant G.E. Electrical, Inc.   On January 31,

2007, Defendant G.E. Electrical, Inc. filed an answer to UPA Group, Inc.'s cross claim and a cross claims against all Defendants, including Liberty Mutual Insurance Company. (Document #15).

On February 4, 2011, Defendant Liberty Mutual Insurance Company filed a motion to dismiss the cross claims brought by Defendant G.E. Electrical, Inc.  Liberty Mutual Insurance Company contends that G.E. Electrical, Inc. lacks the capacity to prosecute its cross claims because its corporate status has been suspended.  On February 28, 2011, Liberty Mutual Insurance Company filed a reply brief.

G.E. Electrical, Inc. did not file an opposition to Liberty Mutual Insurance Company's motion or otherwise contact the court.

**LEGAL STANDARDS**

Parties invoking federal jurisdiction must have standing.  Davis v. Federal Election Com'n, 128 S.Ct. 2759, 2768 (2008).  In the Ninth Circuit, attacks upon standing at the pleading stage are generally brought in a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See, e.g., Sacks v. Office of Foreign Assets Control, 466 F.3d 764, 771 (9th Cir. 2006); Jensen v. County of Sonoma, 2010 WL 2330384, at *4 (N.D.Cal. 2010); Yeager v. Bowlin, 2008 WL 3289481, at *6 n.4 (E.D.Cal. 2008).

Under Rule 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Although a complaint's factual allegations may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must

2

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

As a general matter, a district court may not consider any material outside of the pleadings when ruling on a Rule 12(b)(6) motion. Dunn v. Castro, 621 F.3d 1196, 1205 n.6 (9th Cir. 2010); Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.2001). However, the court may consider documents of which the court may take judicial notice. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010); Catholic League for Religious and Civil Rights v. City and County of San Francisco, 567 F.3d 595, 607 n.13 (9th Cir. 2009); U.S. v. 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008).

**DISCUSSION**

Liberty Mutual Insurance Company contends that G.E. Electrical, Inc.'s cross claims should be dismissed because G.E. Electrical, Inc. is a California corporation that is currently suspended by the California Secretary of State. Liberty Mutual Insurance Company argues that California law prohibits a suspended corporation from prosecuting claims.

Preliminarily, the court notes that Liberty Mutual Insurance Company has filed a request for judicial notice in support of its motion to dismiss G.E. Electrical, Inc.'s cross claims. Liberty Mutual Insurance Company provides a State Certificate of Status provided by the California

3

Secretary of State.   The Certificate of Status states that the office's records:

> indicate the Secretary of State suspended the entity's powers, rights and privileges on March 12, 2009, pursuant to the provisions of the California Corporations Code, and the entity's powers, rights and privileges remain suspended.

See Liberty Mutual Insurance Company's Exhibit A.  The court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).   Facts subject to judicial notice may be considered by a court on a motion to dismiss.  Coto, 593 F.3d at 1038.   The court finds that a Certificate of Status provided by the California Secretary of States is a source whose accuracy cannot reasonably be questioned.

The capacity of a corporate litigant to sue or be sued in a federal case is controlled by Rule 17(b) of the Federal Rules of Civil Procedure.   Rule 17(b) provides that the capacity of a corporation to sue is determined "by the law under which it was organized."  Fed.R.Civ.Pro. 17(b)(2); Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp., 302 U.S. 120, 124-25 (1937); AmeriPride Services, Inc. v. Valley Indus. Service, Inc., 2008 WL 5068672, at *3 (E.D.Cal. 2008).   The Ninth Circuit has held that pursuant to Rule 17(b), the court must determine a corporations's standing pursuant to state law.  Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n, 997 F.2d 581, 584 (9th Cir. 1993); Community Elec. Serv. v. Nat'l Elec. Contractors Ass'n, 869 F.2d 1235, 1239 (9th Cir. 1987).   Thus, this court must follow California law to determine whether G.E. Electrical, Inc. has the capacity to sue.  See Louisiana-Pacific Corp. v. ASARCO, Inc., 5 F.3d 431, 434 (9th Cir. 1993); Levin Metals Corp. v. Parr-Richmond Terminal Co., 817 F.2d 1448, 1451 (9th Cir.1987).

Liberty Mutual Insurance Company provides undisputed evidence that G.E. Electrical, Inc.'s corporate status has been suspended.  Under California law, a suspended corporation cannot prosecute an action in either a California court or a federal court.  See e.g., Matter of Christian & Porter Aluminum Co., 584 F.2d 326, 331 (9th Cir. 1978).   Because G.E. Electrical, Inc., as a suspended corporation, lacks standing to sue, G.E. Electrical, Inc.'s cross claims must

4

be dismissed

**ORDER**

Accordingly, the court ORDERS that:

1. Liberty Mutual Insurance Company's motion to dismiss G.E. Electrical, Inc.'s cross claims is GRANTED; and

2. G.E. Electrical, Inc.'s cross claims (Document #15) is DISMISSED.

IT IS SO ORDERED.

Dated:   April 13, 2011                                                    _____
                                                                                           CHIEF UNITED STATES DISTRICT JUDGE

5