1
2
3
4
5
6
7
8
9

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF GRAYBAR ELECTRIC COMPANY, INC.,** | ) ) ) ) | **1:06-cv-1521 AWI DLB** <br><br> **ORDER DISMISSING ACTION FOR LACK OF PROSECUTION** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **MILLER/WATTS CONSTRUCTORS, INC., et al.,** | ) ) ) | |
| **Defendants.** | ) ) | |

## BACKGROUND

On December 27, 2006, the complaint in this action was filed.   Pursuant to the court's order, on June 8, 2007, this action was stayed pending arbitration.    After arbitration was concluded and pursuant to Liberty Mutual Insurance Company's motion, on April 15, 2011, the court dismissed G.E. Electrical's Cross Claims against Liberty Insurance Company.

On January 3, 2012, the Clerk of the Court issued a minute order that placed this matter on the court's February 6, 2012 calendar for a hearing on dismissal for lack of prosecution.   The minute order stated any opposition to dismissal was to be filed by January 20, 2012.   No party filed an opposition to dismissal for lack of prosecution or contacted the court in any way.

On February 6, 2011, the court held a hearing concerning dismissal of this action for lack of prosecution.   No party was present when the case was called.   Noting that no party had

1   appeared and the absence of activity in this action, the court dismissed this action.

2                                    **LEGAL STANDARD**

3          A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

4   action or failure to obey a court order.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.

5   1992).   In determining whether to dismiss an action for lack of prosecution the court must

6   consider several factors, including: (1) the public's interest in expeditious resolution of

7   litigation;(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

8   the public policy favoring disposition of cases on their merits; and (5) the availability of less

9   drastic alternatives.   In determining whether to dismiss this action for failure to comply with the

10  directives set forth in its order, "the Court must weigh the following factors:  (1) the public's

11  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

12  risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and

13  (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291

14  F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992));

15  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).    "These factors are 'not a series of conditions

16  precedent before the judge can do anything,' but a 'way for a district judge to think about what to

17  do.'"   In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th

18  Cir. 2006);  (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

19                                     **DISCUSSION**

20         The court finds that dismissal for Plaintiff's failure to prosecute is appropriate.   The

21  public's interest in expeditiously resolving this litigation and the court's interest in managing the

22  docket weigh in favor of dismissal.   "The public's interest in expeditious resolution of litigation

23  always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d

24  983, 990 (9th Cir. 1999).  This action has been pending for over five years.   Nothing dispositive

25  has happened in this action since April 15, 2011.   The court cannot manage its docket if it

26  maintains cases in which parties failed to litigate their cases.   The public's interest in the

27

28                                          2

1   expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the

2   court's limited resources may be spent on cases in which the litigant is actually proceeding.   The

3   court cannot continue to expend its scare resources assisting litigants who fail to inform the court

4   regarding the status of this case.  Thus, both the first and second factors weigh in favor of

5   dismissal.

6       Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

7   and of itself to warrant dismissal."   Pagtalunan, 291 F.3d at 642; Yourish 191 F.3d at 991.

8   However, delay inherently increases the risk that witnesses' memories will fade and evidence

9   will become stale.   Pagtalunan, 291 F.3d at 642.   No party has indicated a desire to continue

10   with this action.   As such, any risk of prejudice to Defendant also weighs in favor of dismissal.

11       As for the availability of lesser sanctions, at this stage in the proceedings there is little

12   available to the court which would constitute a satisfactory lesser sanction while protecting the

13   court from further unnecessary expenditure of its scare resources.   Factors that indicate whether

14   a district court has considered alternatives include: (1) Discussing of the feasibility of less drastic

15   sanctions and explanation why alternative sanctions would be inadequate (2) Implementing

16   alternative methods of sanctioning before ordering dismissal (3) Warning to the plaintiff of the

17   possibility of dismissal before actually ordering dismissal.  In re PPA, 460 F.3d at 1228-29.

18   The availability of less drastic sanctions has been considered, but given no party complied with

19   the court's January 3, 2012 order, appear at the February 6, 2012 hearing, or otherwise contact

20   the court, the court has no effective sanction but to close the case.

21       Finally, because public policy favors disposition on the merits, this factor normally

22   weighs against dismissal.   Pagtalunan, 291 F.3d at 643.   "At the same time, a case that is stalled

23   or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations

24   cannot move forward toward resolution on the merits.   Thus, [the Ninth Circuit has] also

25   recognized that this factor 'lends little support' to a party whose responsibility it is to move a

26   case toward disposition on the merits but whose conduct impedes progress in that direction."

27

28                       3

In re PPA,  460 F.3d at 1228.   Th court finds this factor has little weight in actions such as this one where the parties have been unable or unwilling to proceed.

## ORDER

Accordingly, the court ORDERS that:

        1.      This action is DISMISSED for the parties' failure to prosecute; and

        2.      The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   February 6, 2012               _____

                        CHIEF UNITED STATES DISTRICT JUDGE

4