IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF GRAYBAR ELECTRIC COMPANY, INC.,<br><br>            Plaintiff,<br>    v.<br><br>MILLER/WATTS CONSTRUCTORS, INC., et al.,<br><br>            Defendants. | 1:06-cv-1521 AWI DLB<br><br>ORDER DISMISSING ACTION FOR LACK OF PROSECUTION |

**BACKGROUND**

On December 27, 2006, the complaint in this action was filed.  Pursuant to the court's order, on June 8, 2007, this action was stayed pending arbitration.   After arbitration was concluded and pursuant to Liberty Mutual Insurance Company's motion, on April 15, 2011, the court dismissed G.E. Electrical's Cross Claims against Liberty Insurance Company.

On January 3, 2012, the Clerk of the Court issued a minute order that placed this matter on the court's February 6, 2012 calendar for a hearing on dismissal for lack of prosecution.  The minute order stated any opposition to dismissal was to be filed by January 20, 2012.  No party filed an opposition to dismissal for lack of prosecution or contacted the court in any way.

On February 6, 2011, the court held a hearing concerning dismissal of this action for lack of prosecution.  No party was present when the case was called.  Noting that no party had

appeared and the absence of activity in this action, the court dismissed this action.

## LEGAL STANDARD

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation;(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## DISCUSSION

The court finds that dismissal for Plaintiff's failure to prosecute is appropriate. The public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. "The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This action has been pending for over five years. Nothing dispositive has happened in this action since April 15, 2011. The court cannot manage its docket if it maintains cases in which parties failed to litigate their cases. The public's interest in the

expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding.   The court cannot continue to expend its scare resources assisting litigants who fail to inform the court regarding the status of this case.   Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."   Pagtalunan, 291 F.3d at 642; Yourish 191 F.3d at 991. However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.   Pagtalunan, 291 F.3d at 642.   No party has indicated a desire to continue with this action.   As such, any risk of prejudice to Defendant also weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scare resources.   Factors that indicate whether a district court has considered alternatives include: (1) Discussing of the feasibility of less drastic sanctions and explanation why alternative sanctions would be inadequate (2) Implementing alternative methods of sanctioning before ordering dismissal (3) Warning to the plaintiff of the possibility of dismissal before actually ordering dismissal.   In re PPA, 460 F.3d at 1228-29. The availability of less drastic sanctions has been considered, but given no party complied with the court's January 3, 2012 order, appear at the February 6, 2012 hearing, or otherwise contact the court, the court has no effective sanction but to close the case.

Finally, because public policy favors disposition on the merits, this factor normally weighs against dismissal.   Pagtalunan, 291 F.3d at 643.   "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits.   Thus, [the Ninth Circuit has] also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."

3

In re PPA, 460 F.3d at 1228. Th court finds this factor has little weight in actions such as this one where the parties have been unable or unwilling to proceed.

**ORDER**

Accordingly, the court ORDERS that:

    1.    This action is DISMISSED for the parties' failure to prosecute; and

    2.    The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:    February 6, 2012                                    
                                                             CHIEF UNITED STATES DISTRICT JUDGE